Anna E. Bastle, Administratrix, Defendant in Error,
v. Chicago, Rock Island & Pacific Railway Com-
pany, Plaintiff in Error.

Gen. No. 22,837.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. MARCUS
A. KAVANAGH, Judge, presiding. Heard in this court at the Octo-
ber term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by Anna E. Bastle, administratrix of the es-
tate of John A. Bastle, deceased, against the Chicago,
Rock Island & Pacific Railway Company, defendant, to
recover for the death of said John A. Bastle, alleged
to be due to the sudden starting of a car on a team
track from which deceased, as the agent of the con-
signee, was engaged in inspecting merchandise. From
a judgment for plaintiff for $8,000, defendant brings
error.

M. L. BELL and A. B. ENOCH, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opin-
ion of the court.

## Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 12*—when motion in arrest
of judgment in action for death is properly denied. In an action
against a railroad company for death caused by the sudden move-
ment of a car of the defendant while the deceased was inspecting
the contents of such car as an employee of the consignee, while
such car was on one of the team tracks of the defendant, where
the defendant filed a special plea setting up that its occupation and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

that of the deceased's employer came within the occupation specified in section 3 of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(3)], and claimed that its motion in arrest should have been sustained, as the declaration failed to state a cause of action under such act, *held* that the motion was properly denied, as the declaration made *no* reference to the act, and plaintiff was not seeking to recover except in the common-law action of tort.

2. WORKMEN'S COMPENSATION ACT, § 3*—*when employer is not under.* In an action against a railroad company for death caused by the sudden movement of a car on a team track of the defendant while the deceased was inspecting the contents of such car as an employee of the consignee, *held* that as the deceased's employer was engaged in the egg brokerage business, and as neither such employer nor the deceased had anything to do with the unloading or hauling of any eggs at any time, and no action had ever been taken by the employer towards accepting or rejecting the Compensation Act, such employer did not come within the act.

3. WORKMEN'S COMPENSATION ACT, § 3*—*when employer is not engaged in occupation, enterprise or business within statute.* In an action against a railroad company for death caused by the sudden movement of a car on a team track of the defendant while the deceased was inspecting the contents of such car as an employee of the consignee, where it was contended that the case was within the Workmen's Compensation Act of 1913, because the employer of the deceased was one of the kinds of employers enumerated in section 3 of the Act [Cal. Ill. St. Supp. 1916, ¶ 5475(3)], which, under the terms of the act, should be conclusively presumed to have elected to be under such act, and where it appeared that such employer was engaged in the egg brokerage business and had nothing to do with the unloading or hauling of any eggs at any time, *held* that the only occupation which it could possibly be claimed affected such employer was that described as "carriage by land and water and loading or unloading in connection therewith," and that any teaming which such employer hired to be done for it could not be its "occupation, enterprise or business" within the meaning of the statute.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.